# UNITED STATES DISTRICT COURT
## Northern District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**v.**<br>Levente Mathe | )   **JUDGMENT IN A CRIMINAL CASE**<br>)<br>)<br>)   USDC Case Number: CR-18-00443-002 CRB<br>)   BOP Case Number: DCAN318CR00443-002<br>)   USM Number: 17297-091<br>)   Defendant's Attorney: Candis Mitchell (AFPD) |

**THE DEFENDANT:**

☑ pleaded guilty to counts: <u>One through Six of the Superseding Indictment</u>

☐ pleaded nolo contendere to count(s): which was accepted by the court.

☐ was found guilty on count(s): after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1029(b)(2) | Conspiracy to Commit Access Device Fraud | 8/12/2018 | 1 |
| 18 U.S.C. § 1029(a)(1) | Access Device Fraud | 7/19/2018 | 2, 3, 4 |
| 18 U.S.C. § 1028A | Aggravated Identity Theft | 8/2/2018 | 5, 6 |

The defendant is sentenced as provided in pages 2 through _9_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s):

☐ Count(s) dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

2/5/2020
_____
Date of Imposition of Judgment

_____
Signature of Judge

The Honorable Charles R. Breyer
<u>Senior United States District Judge</u>
Name & Title of Judge

February 12, 2020
_____
Date

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
Time Served. This term consists of Time Served on Counts One through Six, all Counts concurrent.  (The Court recognized that the defendant has served approximately 515 days in custody, and that a sentence of time served satisfied the term of imprisonment applicable to all counts.)

The appearance bond is hereby exonerated, or upon surrender of the defendant as noted below.  Any cash bail plus interest shall be returned to the owner(s) listed on the Affidavit of Owner of Cash Security form on file in the Clerk's Office.

☐     The Court makes the following recommendations to the Bureau of Prisons:

☐     The defendant is remanded to the custody of the United States Marshal.

☐     The defendant shall surrender to the United States Marshal for this district:

      ☐    at   on  (no later than 2:00 pm).

      ☐    as notified by the United States Marshal.

☐     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

      ☐    at   on  (no later than 2:00 pm).

      ☐    as notified by the United States Marshal.

      ☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at
_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:  <u>3 years.</u>

The court imposes a 3-year term of supervised release.  This term consists of 1 year on each of Counts One, Five, and Six, as well as 3 years on each of Counts Two through Four, all counts to be served concurrently. However, upon release from imprisonment, the defendant will likely be deported and will not be in the United States to be supervised.  At all times, the defendant shall comply with the rules and regulations of the Bureau of Immigration and Customs Enforcement and, if deported, shall not reenter the United States without the express consent of the Secretary of the Department of Homeland Security.

If the defendant is deported, and within 3 years of release from imprisonment returns to this country, legally or illegally, the defendant shall be subject to the conditions of supervised release and shall report to the nearest probation office within 72 hours of reentry.  If the defendant for some reason is not deported and remains in this country, the defendant shall be subject to the conditions of supervised release and shall report to the nearest probation office within 72 hours of release from imprisonment

## MANDATORY CONDITIONS OF SUPERVISION

1)   You must not commit another federal, state or local crime.

2)   You must not unlawfully possess a controlled substance.

3)   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
  ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4)   ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

5)   ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

6)   ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

7)   ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of RELEASE, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4) You must follow the instructions of the probation officer related to the conditions of supervision.
5) You must answer truthfully the questions asked by your probation officer.
6) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with, for example), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
7) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by these and the special conditions of your supervision that he or she observes in plain view.
8) You must work at least part-time (defined as 20 hours per week) at a lawful type of employment unless excused from doing so by the probation officer for schooling, training, community service or other acceptable activities. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
9) You must not communicate or interact with someone you know is engaged in criminal activity. You must not associate, communicate, or interact with any person you know has been convicted of a felony, unless granted permission to do so by the probation officer.
10) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
11) The defendant shall not act as a confidential informant without first notifying the probation officer.
12) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

☐ If the probation officer determines that you pose a risk to a third party, the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk. *(check if applicable)*

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision upon a finding of a violation of probation or supervised release.

(Signed) _____        _____
        Defendant                                Date

        _____        _____
        U.S. Probation Officer/Designated Witness        Date

## SPECIAL CONDITIONS OF SUPERVISION

1.      You must pay any restitution and special assessment that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.

2.      You must not have contact with any codefendant in this case, namely Dan Boar.

3.      You must cooperate in the collection of DNA as directed by the probation officer.

4.      You must not commit another Federal, State, or local crime.

5.      You must submit your person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), or any property under your control to a search. Such a search must be conducted by a United States Probation Officer or any federal, state or local law enforcement officer at any time with or without suspicion. Failure to submit to such a search may be grounds for revocation. You must warn any residents that the premises may be subject to searches.

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

| | Assessment | Fine | Restitution | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 600 | Waived | $229,902 | N/A | N/A |

☐ The determination of restitution is deferred until. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| First Republic Bank 111 Pine Street, San Francisco, CA 94111 | | $229,902 | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | | $229,902 | |

☑ Restitution amount ordered pursuant to plea agreement  no less than $229,000

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the.

    ☐ the interest requirement is waived for the  is modified as follows:

---

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows*:

**A** ☐ Lump sum payment of _____ due immediately, balance due

       ☐ not later than  , or
       ☐ in accordance with    ☐ C,    ☐ D, or    ☐ E, and/or    ☐ F below); or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,    ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal  (e.g., weekly, monthly, quarterly) installments of  _ over a period of  (e.g., months or years), to commence  (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal  (e.g., weekly, monthly, quarterly) installments of  _ over a period of  (e.g., months or years), to commence  (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within  (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:
**The defendant shall pay to the United States a special assessment of $600. It is further ordered that the defendant shall pay restitution to First Republic Bank in the amount of $229,902. Once the defendant is on supervised release, restitution must be paid in monthly payments of not less than $200 or at least 10 percent of earnings, whichever is greater, to commence no later than 60 days from placement on supervision. Notwithstanding any payment schedule set by the court, the United States Attorney's Office may pursue collection through all available means in accordance with 18 U.S.C. §§ 3613 and 3644(m). The criminal monetary payments shall be made to the Clerk of U.S. District Court, Attention: Financial Unit, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102.  The defendant's restitution obligation shall be paid jointly and severally with other defendants in this case until full restitution is paid.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

---

* Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

☑    The defendant shall forfeit the defendant's interest in the following property to the United States:

1. All equipment, hardware, shims, pieces of/related to an ATM seized at the time of defendant's arrest, to include all metal pieces, skimming devices, magnets, shrink wrap, metal pins, and sockets;
2. United States currency in the amount of $23,680.76 seized at the time of the defendant's arrest;
3. Miscellaneous monetary instruments drawn in other currencies including the Euro currency and the currency of other nations to include Romania and Hungary;
4. Counterfeit and unauthorized devices, including ATM debit or credit cards in the name of other individuals, seized at the time of defendant's arrest;
5. Identification documents in the name of other individuals seized at the time of defendant's arrest;
6. Documents and digital images containing the means of identification of other individuals seized at the time of defendant's arrest;
7. All electronic devices, SD cards, cameras seized at the time of defendant's arrest, to include the following seized at the time of defendant's arrest:
   a. Silver Apple IPhone Model # A1688 (IC # 579C-E2946A);
   b. Black/Silver IPhone SE # A1784 with IC # 579C- E3092A;
   c. Silver/White Apple IPhone Model # A1723 (IMEI # 359144072845574);
   d. Black/Silver Apple IPhone Model # A1662 (IMEI # 355800079950303) ;
   e. Black/White IPhone with no visible identifying numbers;
   f. Portable Bluetooth speaker with charging station. Make: Harman, Model: JBL, Serial Number: GG0301-LH05;
8. Clothing and apparel items seized at the time of defendant's arrest in Wyoming:
   a. Blue and white Vineyards Vines hat;
   b. Green hat with Nike emblem;
   c. Blue and white hat bearing the word "Miami";
   d. White hat with Nike emblem;
   e. Dark blue hat with Nike emblem;
   f. Blue and White hat bearing the word "Detroit";
   g. Orange and Green "A's" hat;
   h. Blue and red "Deisel" hat;
   i. Red and white "KC" hat;
   j. Green and beige "KC" hat;
   k. Black hat with "Kangol" stitched on the front;
   l. Dark blue Zara brand hat;
   m. Green Goorin brand hat;
   n. Grey Levi's hats;
   o. Grey Kangol brand hat;
   p. Polaroid brand sunglasses;
   q. Grey stripped hat, Goodfellow & Co brand;
   r. Grey and white Prada sunglasses and case;
   s. Silver Prada sunglass box and cleaner;
   t. Moncler brand sunglasses;
   u. Puma wallet in metal case;
   v. Nike shoes in box;
   w. A/X brand belt;
   x. Acorus Orange puffy jacket, size 4, Brand Moncler;
   y. Meylan Black jacket size 1, Brand Moncler;
   z. Various new socks in packs;
   aa. Floral pattern Diesel brand jacket;
   bb. Black shirt Moncler brand;
   cc. Black Nike "air vapor max" shoes size 8 ½;
   dd. Fluorescent Yellow Nike "air max" shoes size 8;
   ee. White and Orange Nike EXP-X14 size 8;
   ff. All Levi's brand Zara size (size 38 and 42);
   gg. Tommy Hilfiger shirt blue size Small;
   hh. White button down shirt brand Goodfellow & Co size M;
   ii. Brown Louis Vitton Belt-new in box;
   jj. All clothing worn by Boar and Mathe in ATM surveillance;

   kk. White men's Levi's brand Zara size 42;
   ll. Black T shirt Brand Sean John size M;
   mm. Yellow polo shirt Brand Moncler, size XL;
   nn. Spearmint Green swim trunks, brand Zara, size L;
   oo. Red t shirt brand Sea and Sea, size M;
   pp. Black shoes brand Prada size 6 in Prada grey bag;
   qq. Black and Grey Armani Exchange Watch Serial Number:741703;
   rr. Black and Silver Hublot classic fusion watch Serial Number:1104631;
  9. All photo frames, photos;
  10. Hertz rental car receipt and documents in the name Dan Eugen Boar, dated 8/7/18;
  11. All documents in the name of individuals other than Boar and Mathe;
  12. All receipts associated with FedEx, Money orders, purchases of goods, room keys; and
  13. All handwritten notes, memos, and all documents bearing the name Dan Boar or Levente Mathe


☑    The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future, **but such future orders do not affect the defendant's responsibility for the full amount of the restitution ordered.**